# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   **v.**                                **Case No. 08-CR-288**

**JOHN ANTHONY**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant John Anthony pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and possession of five grams or more of crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1) & (b)(1)(B). I ordered a pre-sentence report ("PSR") and set the case for sentencing. After determining that defendant did not qualify as an armed career criminal on the firearm count, United States v. Anthony, No. 08-CR-288, 2009 WL 2985808 (E.D. Wis. Sept. 16, 2009), I otherwise adopted the guideline calculations set forth in the PSR. Specifically, because defendant qualified as a career offender on the drug count, U.S.S.G. § 4B1.1, his base offense level was 34, minus 3 for acceptance of responsibility, § 3E1.1, for a final level of 31. Coupled with defendant's criminal history category of VI, level 31 produced an imprisonment range of 188-235 months. I turned then to imposition of sentence under 18 U.S.C. § 3553(a).

### I. SECTION 3553(a)

In imposing sentence, the district court must consider all of the factors set forth in § 3553(a), United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007), cert. denied, 128 S. Ct. 963 (2008), including:

(1) the nature and circumstances of the offense, and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute directs the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing: just punishment, deterrence, protection of the public and rehabilitation of the defendant. § 3553(a)(2). While the court must give respectful consideration to the guidelines in making this determination, it may not presume that the guideline sentence is the correct one. Nelson v. United States, 129 S. Ct. 890, 892 (2009); Gall v. United States, 128 S. Ct. 586, 596-97 (2007); Rita v. United States, 127 S. Ct. 2456, 2465 (2007). Rather, the court must independently determine an appropriate sentence based on all of the circumstances of the case and under all of the § 3553(a) factors. See Gall, 128 S. Ct. at 596-97; United States v. Carter, 530 F.3d

565, 578 (7th Cir.), cert. denied, 129 S. Ct. 474 (2008); United States v. Taylor, 586 F. Supp. 2d 1065, 1068 (E.D. Wis. 2008).

## II. DISCUSSION

### A. The Offense

On September 7, 2008, at about 2:40 a.m., Milwaukee police dispatched to a shots fired complaint came upon a large group of people fighting. They directed the group to disburse, and a female in the crowd pointed to defendant and stated that he had a gun. Officers patted defendant down and found a loaded pistol in his right front pants pocket. The officers arrested defendant and during a custodial search found a bag containing 5.46 grams of crack in his left pocket. In a post-arrest statement, defendant stated that he was very drunk and his friend must have put the gun in his pocket. He also denied ownership of the drugs. He later admitted that both items were his, and that he intended to share the crack with others. As a convicted felon, defendant could not lawfully possess a firearm.

In his sentencing memorandum, defendant stated that he obtained the gun because he needed protection due to his transient living situation, but I rejected this argument as a basis for leniency. Carrying guns around in this fashion leads to nothing good. The fact that defendant had distribution level amounts of crack in his other pocket made the situation worse. Defendant also stated that he had been at a wedding and to a birthday party at a club on September 7, got drunk, and did not want to leave the gun in his car. I did not see that as mitigating things either. Defendant further stated that the drugs he had were for sharing with friends, not sale. This perhaps mitigated that aspect of the case somewhat, but of course even without remuneration it is still illegal to distribute crack.

3

**B.     The Defendant**

Defendant was thirty-three years old, with a serious prior record. In 1994, he was convicted of resisting or obstructing an officer twice; in 1995, he was convicted of marijuana possession, failure to appear in court, and simple assault three times; in 1996, cocaine possession and assault with injury; in 1997, driving under suspension three times, obstructing, delivery of crack cocaine, and delivery of simulated crack cocaine. He received concurrent 10 year sentences on the crack cases, but was paroled in 2001. That year, he was convicted of obstructing arising out of an incident in which he fled from and tried to strike a police officer. In 2005, he was convicted of possession with intent to distribute cocaine, receiving a prison term stayed for probation. He performed rather poorly on probation but received alternatives to revocation. He committed the instant offenses just before he was set to terminate supervision on those cases, but was nevertheless allowed to discharge. Also in 2005, he was convicted of criminal damage to property based on an incident in which he smashed up his ex-girlfriend's car to the tune of about $4500. He also received probation in that matter but was revoked and ordered to serve 150 days in jail after his arrest in this case.

As to defendant's character and background otherwise, he was single, never married, with two children from previous relationships, ages fifteen and eight. Although he owed a large amount of back child support, to his credit defendant made efforts to be involved with his younger daughter prior to his arrest. I received a letter from his current girlfriend about his efforts as a father.

Defendant dropped out of high school, but later earned an HSED and attempted to further his education and training at MATC and the Wisconsin Regional Training Partnership, which was also to his credit. However, he had little employment history. He also had a long

4

history of substance abuse, primarily alcohol but also cocaine, which needed to be addressed. In his sentencing memorandum, defendant admitted that his substance abuse interfered with his progress and indicated that his prior convictions were tied to his chronic drug use. It did not appear that he had recent treatment through the Wisconsin correctional system.

**C.  The Sentence**

Defendant faced a statutory range of up to 10 years in prison on the firearm count, 5 to 40 years on the drug count, and the guidelines recommended 188-235 months in prison. I agreed that a substantial prison sentence was necessary given the serious nature of the crimes. Defendant went armed, while intoxicated, in an apparently volatile area, in the early morning hours. His weapon possession obviously troubled one member of the crowd that night. This was not a situation where the firearm was found in defendant's house pursuant to a warrant, for example. He was also carrying crack cocaine, which he intended to share or distribute. Thus, a substantial prison term was needed to provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Substantial prison was also necessary to protect the public, see § 3553(a)(2)(C), given defendant's record, detailed above, and to deter, see § 3553(a)(2)(B), as lesser sentences had not dissuaded him from returning to criminal conduct. Defendant's record contained both violent offenses and drug offenses. It was true that the career offender predicates were relatively minor drug cases, and the Sentencing Commission has acknowledged that the career offender guideline may produce a sentence greater than necessary in such circumstances. See United States v. Santoya, 493 F. Supp. 2d 1075, 1079-80 (E.D. Wis. 2007) (citing United States Sentencing Commission, Fifteen Years of Guideline Sentencing 133-34 (Nov. 2004)). However, defendant had also been convicted of assault several times, obstructing or resisting

5

police, and more recently smashing his ex-girlfriend's car. These offenses suggested a more aggressive disposition.

Defendant clearly had treatment needs, but under the circumstances they had to be addressed initially via recommendations to the Bureau of Prisons ("BOP") and later as conditions of supervision. See § 3553(a)(2)(D).

Under all of the circumstances, I found a total sentence of 126 months sufficient but not greater than necessary. This sentence accounted for the relatively minor nature of the career offender predicate offenses, which deserved some consideration (although not as much as in the case of a defendant who lacked any history of violence or aggressiveness); for the positive educational and parenting traits mentioned; and for the efforts at cooperation with the government mentioned at sentencing.[1] The sentence varied modestly from the guidelines, and because it was based on the particular facts of the case discussed herein it created no unwarranted disparity. See § 3553(a)(6).

Defendant requested a sentence of 6 to 7 years, but I found that insufficient given the seriousness of the instant offenses and defendant's prior record. I also found it insufficient to deter, as it was less than the terms previously imposed on defendant, which obviously did not correct his behavior.

### III. CONCLUSION

I therefore committed defendant to the custody of the Bureau of Prisons for 120 months on count one and 126 months on count two, to run concurrently. I recommended that he participate in any substance abuse treatment available, including the 500 hour program. On

---

[1] See United States v. Knox, 573 F.3d 441, 453 (7th Cir. 2009).

6

release, I ordered him to serve three years of supervised release on count one and four years on count two. In addition to the standard conditions adopted by the court, I ordered defendant to participate in a program of testing and residential or outpatient treatment for drug and alcohol abuse. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 12th day of November, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge